UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEANNA L. ADAY-KELLER,

        Plaintiff,                    CIV. S-04-0379 PAN

     v.

JO ANNE B. BARNHART,               Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If eligible, to qualify for benefits a claimant must establish inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A).  Defendant bases her decision upon a five-step analysis.  First, the claimant must not currently be working.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. § 404.1520(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found that plaintiff suffers from major depression and dependent personality traits but no severe physical impairment and no listed impairment, that she cannot perform her past work but retains the capacity for unskilled work requiring little public contact, and despite advanced age and no transferable work skills, is not disabled.  Tr. 14-24.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197,

1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.  Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

     Plaintiff claims defendant erred in finding that her carpal tunnel syndrome and cervical disc disease were not severe impairments and should have adduced evidence of a vocational expert rather than basing her decision on the medical-vocational guidelines.

     In July 2000, plaintiff's physician, Richard Goldberg, referred her to Dr. Joe Hartzog to evaluate her neck complaints. Tr. 136.  Dr. Hartzog diagnosed degenerative cervical disc disease on the basis of x-rays of the cervical spine and made the

3

following recommendation:

> I suggested that she be treated with a physical therapy. I referred her to a physical therapist in her home community of Folsom, California. I have asked that she have 6-8 visits with the therapist to regain range of motion and comfort of the neck. I told her to return to this office for re-evaluation if she does not feel that she has enjoyed a considerable improvement with the passage of time and the introduction of the physical therapy program. Tr. 140.

Defendant found nothing in the record to suggest plaintiff had pursued Dr. Hartzog's recommendation and, coupled with lack of medical evidence that the disease imposed any physical limitations, found it was not severe. Tr. 16. Plaintiff argues that "[w]hile it may be reasonable for [defendant] to address the issue of whether plaintiff followed prescribed treatment, this does not provide a basis for ignoring objective medical findings." But defendant did not "ignore" Dr. Hartzog's findings; rather defendant reasonably inferred the disease was not severe, i.e., did not significantly limit her physical or mental abilities, because if it were, a reasonable person would have sought the prescribed, painless treatment. See 20 C.F.R. § 404.1521(a) (defining "severe"). And, in any event, even if the disease were assumed to be severe, it could not form the basis for an award of benefits if plaintiff chose to ignore treatment that might eliminate the impairment as an obstacle to work. See 20 C.F.R. § 404.1530.

Defendant also found that carpal tunnel syndrom had not been medically determined. Tr. 17. Plaintiff points to no such

4

evidence in the record.

Because the record does not support findings that plaintiff suffers from disc disease or carpal tunnel syndrom that would impose significant non-exertional limits upon her capacity for work, plaintiff's claim that defendant erred by relying upon the medical-vocational guidelines is without foundation.

There was no error and the decision is affirmed.

Dated: May 18, 2005.

                                            /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge